```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-23097-Civ-COOKE
                                      (03-20759-Cr-COOKE)
                              MAGISTRATE JUDGE P. A. WHITE
GUILLERMO SALCEDO,          :

     Movant,                :

vs.                         :         REPORT OF
                                      MAGISTRATE JUDGE
UNITED STATES OF AMERICA,   :

     Respondent.            :
_____
```

This matter is before this Court on the movant's "Writ of Error Coram Nobis" filed pursuant to 28 U.S.C. §1651 on August 13, 2009.[1] Review of the motion reveals that the movant is attacking the constitutionality of his conviction and sentence entered following a guilty plea in Case No. 03-20759-Cr-Cooke.

The Court has reviewed the motion and the government's response, as well as all pertinent portions of the underlying criminal file. No order to show cause has been issued in this case because the files and records of the case conclusively show that the prisoner is entitled to no relief.

Specifically, the movant raises the sole claim that there was insufficient evidence to support his conviction for using, carrying, and/or possessing a firearm during and in relation to a drug trafficking offense. (Cv-DE#1:3). The movant claims that *coram nobis* relief is appropriate to challenge that conviction and sentence.

In order to place the procedural posture of this case in

---

[1] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

context, a brief procedural history is required. The movant was charged with and pleaded guilty pursuant to a written plea agreement to conspiracy to possess within intent to distribute five kilograms or more of cocaine (Count 1) and using, carrying, and/or possessing a firearm during and in relation to a drug trafficking offense (Count 5). (Cr-DE#s14,97,181). On June 1, 2005, he was sentenced to 240 months in prison as to Count 1, followed by a consecutive 60 months in prison as to Count 5. (Cr-DE#181). The judgment was entered by the Clerk on June 3, 2005. (Cr-DE#181). No direct appeal was filed. The judgment of conviction in the underlying criminal case became final at the latest on June 17, 2005, ten days after the entry of judgment, when time expired for filing a notice of appeal.[2] At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than June 17, 2006. See <u>Griffith v. Kentucky</u>, 479 U.S. 314, 321, n.6 (1986).

The movant has now filed the instant petition for writ of error *coram nobis* pursuant to 28 U.S.C. §1651 on August 13, 2009. (Cv-DE#1; Cr-DE#215). The Clerk of Court docketed this *coram nobis* petition as a §2255 motion to vacate. (Cv-DE#1). As noted previously, the movant is challenging the constitutionality of one of his convictions, as listed above.

The law is clear that a motion to vacate is the proper vehicle to challenge the validity of a conviction or sentence. See 28 U.S.C. §2255. Federal courts have authority to issue a writ of

---

[2] Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. <u>Adams v. United States</u>, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. <u>Fed.R.App.P.</u> 4(b)(1)(A)(I). The judgment is "entered" when it is entered on the docket by the Clerk of Court. <u>Fed.R.App.P.</u> 4(b)(6). On December 1, 2002, <u>Fed.R.App.P.</u> 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days.

error coram nobis under the All Writs Act, 28 U.S.C. §1651(a). The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. See United States v. Swindell, 107 F.3d 831, 834 (11th Cir. 1997).

Recently, the U.S. Supreme Court has "limit[ed] the availability of the writ [of coram nobis] to 'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" United States v. Denedo, ___ U.S. ___, 129 S.Ct. 2213, 2220 (2009) (citing United States v. Morgan, 346 U.S. 502, 511 (1954)). The Court has observed that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (brackets in original) (citing United States v. Smith, 331 U.S. 469, 475 n. 4 (1947)).

The court's authority to vacate a conviction through a writ of coram nobis derives from the All Writs Act, 28 U.S.C. §1651. "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle, 517 U.S. at 429. Ultimately, however, issuance of a writ of coram nobis lies within the discretion of the court. See Santos-Sanchez v. United States, 548 F.3d 327, 330 (5th Cir. 2008); Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000); United States v. Mandanici, 205 F.3d 519, 524 (2d Cir. 2000).

Courts have found, however, the writ inappropriate when relief through habeas corpus may be sought. e.g., Denedo, 129 S. Ct at 2221 ("Another limit ... is that an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available."); United States v. Johnson, 237 F.3d 751, 755 (6th Cir.

3

2001) (noting coram nobis is only available when a section 2255 motion is unavailable, "generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for §2255 relief"); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) ("If [the defendant] was 'in custody' within the meaning of §2255 when he filed his appeal, then the statutory remedies of that provision were available to him, and coram nobis relief was unavailable as a matter of law."); see also United States v. Barrett, 178 F.3d 34, 54-55 (1st Cir. 1999) (finding coram nobis inappropriate because §2255 was applicable, even though it barred second petition); United States v. Bush, 888 F.2d 1145, 1147 (7th Cir. 1989)("Contemporary coram nobis matters only after custody expires...."); Madigan v. Wells, 224 F.2d 577, 578 n. 2 (9th Cir. 1955) (same). In this case, the movant is still in custody, and therefore, coram nobis relief is inappropriate.

A federal remedy under 28 U.S.C. §2255 is available to contest a conviction once a prisoner is in custody "under sentence of a [federal] court." 28 U.S.C. §2255(a). Ordinarily, the Court must first notify a pro se litigant before recharacterizing his pleading as an initial motion to vacate. See Castro v. United States, 540 U.S. 375 (2003) (holding that a district court may not recharacterize as a first §2255 motion a pro se litigant's filing that did not previously bear that label, unless the Court first warns the pro se litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion). The Supreme Court reasoned that notification is necessary because under the AEDPA a defendant may only file one motion to vacate, and thereafter will be barred by the rule against successive motions. The movant has never challenged his convictions and sentences pursuant to 28 U.S.C. §2255. However, it does not appear that a Castro notification is mandated in this case because the movant would not be entitled to relief even if he chose to

recharacterize this motion because the motion is not timely.

Pursuant to 28 U.S.C. §2255, a movant must file a motion to vacate within one year of four enumerated events.  The one year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Courts may *sua sponte* consider the issue of the timeliness of a motion to vacate even when the statute of limitations is not pleaded as a defense by the respondent.  *Jackson Moore*, 292 F.3d 1347 (11 Cir. 2002).

Neither the first, second, or fourth factors enumerated above render the present motion timely, as it was filed more than one year after the movant's conviction became final, there is no allegation that the government created an impediment which precluded the timely filing of the motion or that the facts underlying the claim could not have been previously discovered with due diligence. Consequently, to the extent this case was opened as a §2255 motion, it is also time-barred, and no *Castro* order is required as the movant is not entitled to review of the motion on the merits. In this case, because any future motion would be untimely, like this one, therefore addressing the timeliness of the motion at this juncture does not prejudice the movant.

5

It is therefore recommended that the petition for writ of error coram nobis (Cr-DE#215) be dismissed, and that to the extent this petition is construed as a motion to vacate (Cv-DE#1), that it be dismissed as time-barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.  **IF THE MOVANT OBJECTS TO THE RECHARACTERIZATION OF THE MOTION OR HE CAN DEMONSTRATE THAT THE RECHARACTERIZED MOTION IS TIMELY, HE MAY SAY SO IN OBJECTIONS TO THIS REPORT AND RECOMMENDATION.**

Signed in chambers at Miami, Florida, this 2nd day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Guillermo Salcedo, Pro Se
      Reg. No. 70125-004
      F.C.I.
      P.O. Box 1000
      Milan, Michigan 48160

      Anthony W. Lacosta, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132